The lower court denied the mandamus. Judgment affirmed.

═══════

(52 South. 555.)

No. 18,217.

GOOCH v. TOWN OF PATTERSON.

(May 23, 1910.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 918*)—TAXATION—SPECIAL TAX ELECTION—VALIDITY.

Where a special election was, as a matter of fact, held pursuant to the requirements of article 281 of the Constitution of 1898, relative to the levying of special taxes and the issue of bonds by municipal corporations, it matters not that the proceedings were carried on nominally under article 232 and its enabling acts.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1919–1923; Dec. Dig. § 918.*]

2. MUNICIPAL CORPORATIONS (§ 1000*)—SPECIAL TAX ELECTIONS — LIMITATION OF ACTIONS—VALIDITY OF STATUTE—PRESCRIPTION.

Section 16 of Act No. 145, p. 254, of 1902, bars all actions to annul special tax elections held pursuant to article 281 of the Constitution of 1898 brought after a delay of six months from the date of the promulgation of the result.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1000.*]

3. MUNICIPAL CORPORATIONS (§ 918*)—TAXATION — SPECIAL BOND ELECTION — CORRECTION OF CLERICAL ERROR.

A clerical error as to the date of the payment of interest, patent on the face of election proceedings, may be corrected by the supervising municipal authority before the bonds are issued.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 918.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Niell, Judge.

Action by W. N. Gooch against the Town of Patterson. Judgment for defendant, and plaintiff appeals. Affirmed.

Percy Saint, for appellant. Emmett Alpha, for appellee.

LAND, J. Plaintiff in the court below sought by injunction to restrain the defendants from issuing certain bonds to fund certain special taxes for a series of years voted by the taxpayers for the purpose of erecting a system of waterworks in the town of Patterson. The cause was tried on the merits, and the plaintiff has appealed from a judgment rejecting his demand.

Plaintiff contends that the election and proceedings were held under article 232 of the Constitution of 1898, authorizing the levy of special taxes for public improvements when voted by a majority of the taxpayers in number and amount voting at the election; that said article does not authorize the

funding of special taxes in bonds; and that Act 84 of 1906, which empowers municipal corporations to fund into bonds the proceeds of such special taxes, is violative of article 281 of the Constitution of 1898, providing that municipal corporations may incur debt, issue negotiable bonds therefor, and levy special taxes, within certain limitations, by a vote of a majority in number and amount of the property taxpayers, qualified as electors, voting at an election held for that purpose.

Defendant's reply to this contention is that, as a matter of fact, the question of the levy of the proposed special taxes to be funded into a certain number of negotiable bonds was submitted to the taxpayers, and was carried by an almost unanimous vote in numbers and amount. The record shows the correctness of this contention, and it matters not under what article or statute the proceedings purported to have carried on, as the conditions required by article 281 were substantially fulfilled.

It appears that throughout the proceedings there was a clerical error made as to one date on which the interest was payable semi-annually; June being substituted for July. The bonds were made payable on January 15th, and, the same date being fixed for the payment of one half of the annual interest, the other half necessarily became payable on July 15th following. The error was one of calculation, and was properly corrected by the municipal council as the representative of the taxpayers. "An error in the name of a thing is never prejudicial, if it be clear as to the identity of the thing itself, i. e., where the intention is clearly known." 16 Cyc. 536. The contention of the plaintiff that an election was necessary to correct this clerical error is without merit.

Section 16 of Act No. 145, p. 254, of 1902, passed to enforce article 281 of the Constitution of 1898, provides that, after a delay of six months from the date of the promulgation of any election held under the act, no one shall have any cause of action to contest the regularity, formality, or legality of any of the election proceedings or any requirement in relation thereto. The argument that this section is unconstitutional because it does not except fraud rests on the false premise that the Legislature is prohibited by the organic law from barring actions of nullity on the ground of fraud by statutes of limitation. Moreover, as the plaintiff has not charged fraud, he is without interest to raise the question of the constitutionality of section 16. The prescription of six months was pleaded, and properly sustained.

The last ground of nullity urged in plaintiff's brief is as to the validity of the affidavit of the publisher of the ordinances relating to the election. The promulgation was proven aliunde, and the defects, if any, in the affidavit have been cured by prescription.

Judgment affirmed.